

Ezra Marcus
Zuckerman Spaeder LLP
emarcus@zuckerman.com
(202) 778-1814

February 18, 2021

**VIA ECF**

Honorable Anita B. Brody
James A. Byrne United States Courthouse
601 Market Street, Room 7613
Philadelphia, PA 19106

      Re:    *Henry et al. v. National Football League & NFL Properties LLC*, No. 20-cv-4165-AB

Dear Judge Brody:

      In light of recent revelations regarding race norming in reporting by ABC, Plaintiffs respectfully move for an order permitting the parties to engage in limited preliminary discovery. Specifically, Plaintiffs seek to proceed with discovery on the issue of Defendants' role in clinicians' application of race norming as part of the NFL Concussion settlement program.

      One of the NFL's principal defenses in this case is that race norming has been applied in the settlement program at clinicians' *discretion*, based on clinicians' *independent* exercises of medical judgment—not as a result of insistence or pressure from the NFL. *See, e.g.*, NFL Reply Br., ECF 32, at 2 (arguing that "Plaintiffs have offered not a shred of evidence that independent clinicians in the Settlement Program have applied race-based demographic norms on any basis other than their best medical judgment."); NFL Mot. to Dismiss, ECF 28-1, at 2 (arguing that "Plaintiffs have not stated, and cannot plausibly state, a claim for race discrimination against the NFL Defendants based on independent clinicians' discretionary use of [race-norming]."); *id.* (claiming that race-based normative adjustments "are applied at the sole discretion of independent clinicians").

      But recent reporting by ABC has identified concrete evidence that many clinicians *do not* apply race-norming in their best clinical judgment, but rather because of a perception—fueled by the NFL—that doing so is *required*. ABC's reporting cites the following statements from clinicians, all in reaction to this lawsuit and related proceedings in the MDL:

- "In a regular clinical setting, we might have the flexibility to consider which benchmark is most appropriate for the individual in order to determine whether to describe them as mild or severe. According to the BAP criteria, ***I don't think we have the freedom to choose. If***

> *we do, apparently many of us have been doing it wrong.* Unfortunately for some guys, the difference between mild and severe can result in a drastically different outcome."[1]

- "My experience is that, *when clinicians deviate from the algorithm, there are multiple inquiries leveled at them*." Another clinician responded that this assessment was "right on target."[2]

- According to ABC, one clinician referenced "*required reliance on these norms*," adding, "[b]ottom line is that the norms do discriminate against black players."[3]

ABC's reporting also highlights data showing the substantial effects of race-norming. According to an analysis of the raw test scores of 85 Black former players evaluated in the settlement program by 40 different clinicians, only 10 of the players met criteria for compensation using the recommended Black norms. But based on the exact same raw test scores, 34 of the players—that is, 24 *additional* players—would have met criteria for compensation if they had been White.[4]

These revelations warrant limited discovery regarding the NFL's role in promoting the use of race norms. Such discovery could be targeted and would help test the NFL's assertion that Plaintiffs made a "misguided choice of defendants" in suing the NFL. NFL Reply Br. at 2.

As the parties previously advised the Court, litigation in the MDL "may affect the status of this case." Joint Letter Motion, ECF 35. The NFL's Motion to Dismiss in this case raises a threshold argument that "Plaintiffs' Complaint is an improper collateral attack on the terms of a judicially approved Settlement Agreement." NFL Mot. to Dismiss at 2. Resolving that legal issue requires determining whether the terms of the Settlement Agreement authorize race norming as it is currently being applied, which is precisely the same issue of Settlement Agreement construction that is presented by Mr. Henry and Mr. Davenport's Motion for Relief under Article XXVII, and that Mr. Davenport has urged the Court to take up in his individual claim appeal. Plaintiffs have

---

[1] *NFL considered race in paying head injury claims: Lawsuit*, ABC News, at 03:30 (Feb. 3, 2021), https://abcnews.go.com/Politics/video/nfl-considered-race-paying-head-injury-claims-lawsuit-75668117 (emphasis added).

[2] Pete Madden *et al.*, *Clinicians fear NFL's concussion settlement program protocols discriminate against Black players*, ABC News (Feb. 3, 2021), https://abcnews.go.com/Sports/clinicians-fear-nfls-concussion-settlement-program-protocols-discriminate/story?id=75646704 (emphasis added).

[3] *Id.* (emphasis added).

[4] *Id.*

thus proposed that the Court await resolution of this legal issue in the MDL on a full record before adjudicating Defendants' Motion to Dismiss. *See* Opp'n to Mot. to Dismiss, ECF 31, at 2, 10.

Although judicial action in the MDL regarding the threshold legal issue could affect resolution of the NFL's Motion to Dismiss, the factual issue of the NFL's role in promoting race norming can efficiently be carved out for limited discovery in the interim. The Court can and should allow limited discovery to proceed on that issue given ABC's recent revelations, which undercut the NFL's assertion that race-based adjustments "are applied at the sole discretion of independent clinicians," without influence from the NFL. NFL Mot. to Dismiss at 2.

Plaintiffs propose an initial 45-day period of targeted discovery focused on the issue of the NFL's role in promoting the use of race norming, which could begin immediately. Counsel for Defendants have indicated that this request is opposed.

                                                    Sincerely,

                                                    Ezra Marcus
                                                    *Counsel for Plaintiffs*

cc: Counsel of record (via ECF)