**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K GARRISON (1946-1991)
RANDOLPH E PAUL (1946-1956)
SIMON H RIFKIND (1950-1995)
LOUIS S WEISS (1927-1950)
JOHN F WHARTON (1927-1977)

WRITER'S DIRECT DIAL NUMBER
(212) 373-3165

WRITER'S DIRECT FACSIMILE
(212) 492-0165

WRITER'S DIRECT E-MAIL ADDRESS
bbirenboim@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

March 4, 2021

**VIA ECF**

Honorable Anita B. Brody
United States District Judge
James A. Byrne United States Courthouse
601 Market Street, Room 7613
Philadelphia, PA 19106

    Re:   *Henry, et al.* v. *National Football League & NFL Properties LLC*, No. 20-cv-4165-AB

Dear Judge Brody:

        On behalf of the NFL Defendants, we write to oppose Plaintiffs' motion for "preliminary discovery" in the above-referenced action. As explained below, the discovery sought by Plaintiffs has no relevance to the NFL Defendants' pending motion to dismiss. Moreover, Plaintiffs have already urged this Court to stay this action pending resolution of their parallel proceedings on the same issue. Their motion presents no sound reason for this action to now proceed.

        First, as the Court is aware, the NFL Defendants have moved to dismiss the complaint on the fundamental ground that, under settled law, it constitutes an impermissible collateral attack on the NFL concussion settlement, which expressly permits the use of demographic norms (including race-based norms) and which was approved by

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

this Court and the Third Circuit after proper notice to the Class. If the Court grants the NFL Defendants' motion, which is now fully briefed, there will be no discovery. Nor is any discovery—let alone the discovery sought by Plaintiffs here—needed for the Court to consider and decide the NFL Defendants' collateral attack argument, which turns solely on whether Plaintiffs are challenging the terms of a judicially approved settlement agreement (as they undoubtedly are here). *See Ward v. Avaya Inc.*, 299 Fed. App'x 196, 201–02 & n.6 (3d Cir. 2008) (rejecting plaintiffs' contention that discovery was necessary to determine a motion to dismiss on the grounds that certain claims were barred by the terms of a class action settlement and constituted an impermissible collateral attack); *Neitzke v. Williams*, 109 S.Ct. 1827, 1828, 1832 (1989) (explaining that Rule 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law" and that it "is designed to streamline litigation by dispensing with needless discovery and factfinding"). The requested discovery on the NFL Defendants' purported "role in clinicians' application of race norming as part of the NFL Concussion settlement program" is entirely irrelevant to that inquiry. In any event, as the Court is well aware, the NFL Defendants do not administer the Settlement Program or have any direct contact with the clinicians performing the relevant testing in the Program, and Plaintiffs have not made (and cannot make) any colorable claim otherwise. Thus, there is no legitimate basis for that discovery here.

Second, this action is one of three fronts opened by Plaintiffs to pursue their arguments against race-based norms and the one which Plaintiffs—perhaps recognizing its procedural impropriety—previously requested be stayed. Specifically, Plaintiffs asked this Court to "await the Third Circuit's disposition of Plaintiffs' appeal" in connection with Plaintiffs' related Motion for Relief before taking any action with respect to the NFL Defendants' motion to dismiss. (Mem. in Opp. to Mot. to Dismiss at 2, ECF No. 31 (Nov. 30, 2020); *see also id.* at 10 ("Plaintiffs . . . respectfully suggest that the Court await the Third Circuit's disposition of their appeal in the MDL."); *id.* at 16–17 ("The NFL's collateral-attack argument raises the precise question of Settlement Agreement construction at issue in Plaintiffs' pending appeal to the Third Circuit in the MDL, and the Court should await the Third Circuit's disposition of that appeal, which has the benefit of a full record, before ruling on the NFL's Motion to Dismiss.").) Indeed, Plaintiffs even requested that a scheduled Rule 16 conference in this action—at which various matters including discovery would have been discussed and determined—"be converted to a status conference" for that same reason. (Letter from E. Marcus, ECF No. 35 (Jan. 20, 2021).) To promote judicial efficiency, the NFL Defendants did not object to Plaintiffs' requests and agreed to convert this action's scheduled Rule 16 conference into a status conference. Finally, the NFL Defendants supported Plaintiffs' request that the Court reconsider Mr. Davenport's Objection to the Special Master's Conclusion of Law.

Plaintiffs' sole excuse for their instant reversal of course is their claim that recent news reporting on ABC's Nightline somehow justifies immediate discovery. But that "news"—to which Plaintiffs and their counsel heavily contributed—is far from breaking and simply confirmed through selectively chosen snippets of clinicians that

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

race-based norms are used in evaluations in the Settlement Program. It does not warrant leap-frogging over the proper first step in this action—determination of the NFL Defendants' motion to dismiss—or not staying this action so that Plaintiffs' challenges can be pursued through the proper procedural channels.

In sum, the NFL Defendants respectfully submit that Plaintiffs' motion for discovery lacks any conceivable basis and should be denied.

Respectfully,

*Bruce Birenboim* /tv

Bruce Birenboim
*Counsel for the NFL Defendants*

cc: Counsel of Record (via ECF)